

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. T. Weber, President
Texas State Board of Dental Examiners
Norwood Building
Austin, Texas

Dear Sir:

                    Opinion No. 0-3600
                    Re: Necessity of obtaining
                        dental license for
                        charitable practice of
                        orthodontia.

          This will acknowledge receipt of your letter of
July 3, 1941, requesting the opinion of this department
upon the above stated question. Your inquiry is based upon
a letter you received from Dr. E. B. Arnold reading as fol-
lows:

          "Dr. Hays Nance, a very good friend of
     mine is contemplating starting a 100% charity
     orthodontia investigation and research clinic.
     There will be absolutely no charge to whatever
     patients they work on as the clinic will be
     endowed by a large trust fund, and he is very
     anxious to know whether or not he or any of his
     associates he may have will have to have dental
     licenses in order to carry on this work.  I am
     wondering if they wouldn't be the same as in-
     ternists or research men in hospitals who, I
     understand, do not have to have a license.

          "I would appreciate it very much if you
     would be kind enough to take this up with the
     Attorney General and let me have his opinion."

          Articles 747, 748, 751, 754, 754a of Vernon's
Annotated Penal Code provide:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. T. Weber, page 2

"Article 747. It shall be unlawful for any person to practice, or offer to practice, dentistry in this State or hold himself out as practicing dentistry in this State without first having obtained a license from the State Board of Dental Examiners. Said license must be signed by all members of the Board and shall have a small photograph of the licensee attached thereon which must be partially covered by the official seal of the Board."

"Article 748. No person shall extract teeth or perform any other operation pertaining to dentistry or dental surgery for pay or for the purpose of advertising, exhibiting or selling any medicine or instrument, unless such person shall first have complied with the provisions of the law regulating the practice of dentistry in this State."

"Article 751. Any person authorized to practice dentistry or dental surgery in this State either under this or any former law of Texas, shall place his license on exhibition in his office where said license shall be in plain view of patients. No such person shall do any operation in the mouth of a patient, or treat any lesions of the mouth or teeth, without having said license so exhibited."

"Article 754. Any person who shall violate any provision of this Chapter shall be fined not less than Fifty ($50.00) Dollars, nor more than Three Hundred ($300.00) Dollars, or be confined in jail from one to six months or both. Each day of such violation shall be a separate offense."

"Article 754a. Any person shall be regarded as practicing dentistry within the meaning of this Chapter:

"1. Who publicly professes to be a dentist or dental surgeon or who represents himself as being able to diagnose, treat, remove stains or concretions from teeth, operate or prescribe for any disease, pain, injury, deficiency, deformity, or physical condition of the human teeth, alveolar process, gums, or jaws.

"2. Who shall offer or undertake, by any means or methods whatsoever to diagnose, treat, remove stains or concretions from teeth, or shall treat, operate or prescribe, by any means or method for any disease, pain, injury, deficiency, deformity, or physical condition of the human teeth, alveolar process, gums, or jaws and charge therefor, directly or indirectly, money or other compensation.

"3. Any one who owns, maintains or operates any office or place of business where he employs or engages, under any kind of contract whatsoever, any other person or persons to practice dentistry as above defined, shall be deemed to be practicing dentistry himself, and shall himself be required to be duly licensed to practice dentistry as hereinabove defined, and shall be subject to all of the other provisions of this Chapter, even though the person or persons so employed or engaged by him shall be duly licensed to practice dentistry as hereinabove defined."

Likewise, Articles 4548 and 4551a of Vernon's Annotated Civil Statutes provide:

"Article 4548. No person shall practice or offer, or attempt to practice dentistry or dental surgery in this State, without first having obtained a license from the State Board of Dental Examiners, as provided for in this law, provided that physicians and surgeons may, in the regular practice of their profession, extract teeth or make application for the relief of pain. Nothing herein applies to any person legally engaged in the practice of dentistry in Texas at the time of the passage of this law."

"Article 4551a. Any person shall be regarded as practicing dentistry within the meaning of this Chapter:

"1. Who publicly professes to be a dentist or dental surgeon, or who represents himself as being able to diagnose, treat, remove stains or concretions from teeth, operate or prescribe for any disease, pain, injury, deficiency, deformity or physical condition of the human teeth, alveolar process, gums or jaws.

Honorable R. T. Weber, page 4

"2. Who shall offer or undertake, by any means or methods whatsoever to diagnose, treat, remove stains or concretions from teeth, or shall treat, operate or prescribe, by any means or methods, for any disease, pain, injury, deficiency, deformity or physical condition of the human teeth, alveolar process, gums or jaws and charge therefor, directly or indirectly, money or other compensation.

"3. Any one who owns, maintains or operates any office or place of business where he employs or engages, under any kind of contract whatsoever, any other person or persons to practice dentistry as above defined shall be deemed to be practicing dentistry himself, and shall himself be required to be duly licensed to practice dentistry as hereinabove defined, and shall be subject to all of the other provisions of this Chapter, even though the person or persons so employed or engaged by him shall be duly licensed to practice dentistry as hereinabove defined."

It is our understanding that orthodontia is that branch of dentistry dealing with the irregularity of the teeth and it is our opinion that the charitable practice of orthodontia is "practicing dentistry" within the meaning of Article 754a of Vernon's Annotated Penal Code and Article 4551a of Vernon's Annotated Civil Statutes.

In Hawkins vs. State, 125 S. W. (2d) 580, 136 Tex. Crim. Rep. 413, the court held that either public profession of being a physician or surgeon or treatment of or offer to treat any disorder constitutes the "practice of medicine" within the meaning of the Medical Practice Act. We feel that this is quite as applicable a test to determine what constitutes the "practice of dentistry." The only exceptions we have been able to discover are those contained in Articles 753 of Vernon's Annotated Penal Code, and 4551b of Vernon's Annotated Civil Statutes. These Articles read as follows:

"Article 753. Nothing in this chapter applies to students of a reputable dental college who perform their operations without pay, except for actual cost of materials, in the presence of and under the direct personal supervision of a demonstrator or teacher who has been legally authorized to practice dentistry in Texas, nor to

Honorable R. T. Weber, page 5

persons doing laboratory work on inert matter only. Physicians and surgeons may in the regular practice of their profession, extract teeth or make application for the relief of pain. Nothing in this chapter applies to one legally engaged in the practice of dentistry in this State at the time of the passage of this law, except as hereinbefore provided."

"Article 4551b. The definition of dentistry as contained in this Act shall not apply to physicians and surgeons legally authorized to practice medicine as defined by the law of this State."

It is at once apparent that these exceptions do not cover our case.

It is well settled that the state under its police power may regulate the practice of dentistry. But such enactments and such regulation must have reference to the public health or comfort, the safety or welfare of society. Waller vs. State (T. C. A. 1934) 68 S. W. (2d) 601. The state regulates dentists and physicians for the protection of society's health. It is no less important to protect those who frequent charitable offices as those who are able to go elsewhere.

It is therefore our opinion and you are advised that all members of the staff of a charitable orthodontia clinic who work upon the person of, or offer treatment or advice to patients, must be licensed dentists.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _James D. Smullen_
James D. Smullen
Assistant

APPROVED JUL 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

JDS:wfs

APPROVED
OPINION
COMMITTEE
BY _Blob_
CHAIRMAN